On Appeal from the court for the county of Michilimackinac. This was an action of trespass quare clausum fregit brought in the county of Michili-mackinac for a trespass committed in the county of Brown where both of the parties resided.
Motion by Doty, Atty. for defendant, that the proceedings of the court below be reversed for the following errors, assigned, towit;
First, want of jurisdiction. The trespass was committed out of the county in which the action was brought, and hence the said court, being limited in its jurisdiction, had no authority to hear and determine the case. He cited from 1. Sellon’s practice 262. “Whenever the cause of action must necessarily have arisen in any particular county, or wherever the parties to the suit become such by mere privity of estate as it is called, such action is local, and must be brought in that county where the cause of action arose.” “With respect to the first part of this definition, it may be easily understood; and it is obvious, that it must comprehend all actions, when the possession of the land is to be recovered, as ejectment and the like; and also where any actual trespass or waste has been committed on any premises; &c.”
“The action of trespass quare clausum fregit is a local action, and consequently the venue must be laid in the county where the land lies.” Selwin’s N. P. 1232.
*401 “If the action be really local, and the venue be not of the proper county, should it appear on the face of the declaration, it would be de-murrable to; or if it is proved on the trial, plff. will be nonsuited.” 1 Sellon P. 265.
In Doulson vs. Mathews, 4. T. R. 503, the action was brought in England for a trespass committed in Canada, and held not maintainable.
Secondly. It is not stated in the declaration that the plaintiff owned, or was in possession of the premises at the time of the alledged trespass.
“Being founded on an injury to the possession, it is essential that the plaintiff should be in possession of the close at the time when the injury is committed.” Selwin N. P. 1227.
He could not have been the owner, for the lands at Green Bay have never been confirmed, to the persons in possession, by the Government of the United States.
Thirdly. The Seal of the court was not affixed to the writ on which the defendant was arrested.
And he contended, that on an appeal errors in law might be inquired into as well as matters of fact. It was a proceeding in error.
But the court said the motion could not be Sustained, because the Statute* has not given this court the power to enter into and investigate the proceedings in the court below. The motion is therefore overruled.
But note. If the appellant, after having duly entered his appeal with the clerk, should fail to appear and prosecute it, and the proceedings before the inferior court should appear to be manifestly erroneous and illegal (and in this instance the court must examine the proceedings below) would or would not this court render a judgment Similar in every respect to that of the court below?—And also, if judgment has passed by default below, plea may be filed here—defects in the narr. may then be taken advantage of. It was not necessary this power should be specially given by statute—-it is incident to this & every other Superior Court.

passed the 13th June 1818